UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PASCUAL LUNA, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 15-11477-IT |
| v. | ) ) | |
| MATTHEW CAMPBELL, ET AL., | ) ) | |
| Defendants. | ) ) | |

# ORDER

**TALWANI, D.J.**

On March 30, 2015, plaintiff Pascual Luna ("Luna"), a prisoner at USP McCreary in Kentucky, filed a pro se complaint against his defense attorney, a police officer, a prosecutor and three chemists alleging violation of 42 U.S.C. § 1983 and the Massachusetts Civil Rights Act, M.G. L. c. 12, § 11, stemming from Luna's 2006 arrest on drug-related charges. With the complaint, Luna filed an unsigned Application to Proceed Without Prepayment of Fees and a prison account statement dated December 8, 2014.

A party bringing a civil action must either (1) pay the $350.00 filing fee and the $50.00 administrative fee[1], *see* 28 U.S.C. §1914(a); or (2) seek leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month

---

[1] The $50.00 administrative fee became effective May 1, 2013; it does not apply to persons proceeding *in forma pauperis*. *See* Judicial Conference Fee Schedule.

1

period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[2]

Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed … by a party personally if the party is unrepresented." Fed. R. Civ. P. Rule 11(a); *see also* District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of the Federal Rules of Civil Procedure pertaining to the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court."). Rule 11(a) directs that an unsigned paper must be stricken unless the omission of the signature is promptly corrected after being called to the attention of the party. Fed. R. Civ. P. Rule 11(a). The Advisory Committee's notes accompanying Rule 11 state that if an unsigned paper is submitted, "[c]orrection can be made by signing the paper on file or by submitting a duplicate that contains the signature." Fed. R. Civ. P. 11, Advisory Committee Note to 1993 Amendments.

Although Luna submitted an Application to Proceed Without Prepayment of Fees ("Application"), he failed to sign it. Additionally, Luna's prison account statement fails to include financial information concerning the 3-month period immediately preceding the filing of this action.

---

[2] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. *See* 28 U.S.C. §1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (§1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

In light of Luna's *pro se* status, the Court will provide him with an opportunity to correct these deficiencies. After reviewing Luna's financial disclosures, the Court will grant the Application notwithstanding the fact that it has not been signed. Luna will be granted additional time to file a signed Application. Luna is obligated to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b), but this Court cannot assess the fee without the appropriate certified prison account statement.

In light of the foregoing, it is hereby ORDERED that

1. The Application (Docket No. 2) to Proceed Without Prepayment of Fees and Affidavit is GRANTED but the assessment of the filing fee pursuant to 28 U.S.C. § 1915(b) is DEFERRED;

2. Plaintiff shall, within 28 days of the date of this order, file with the Court (A) an Application bearing his original signature, and (B) a certified copy of his prison account statement for the six-month period preceding the filing of the complaint;

3. The Clerk shall mail copies of this order to Luna and shall also send a copy of this Order to the Treasurer's Office at USP McCreary in order to facilitate any request by Luna for his certified prison account statement. The Court requests that the Treasurer's Office include in any prison account statement the plaintiff's average monthly deposits for the six-month period preceding the date the complaint was filed (March 30, 2015), as well as the average monthly balance for that same period. Failure by Luna to comply with the directive to submit a signed Application and a certified prison account statement may result in a dismissal of this action without prejudice;

4. The Clerk shall issue summonses and the United States Marshal shall serve a copy of the summonses, complaint, and this order upon the defendants as directed by plaintiff with all costs of service to be advanced by the United States;

5. Each defendant, if served with a summons, is required to respond to the complaint. See 42 U.S.C. §1997e(g)(2); and

6. Plaintiff's Motion (Docket No. 3) for Appointment of Counsel is denied without

prejudice to renewing after the defendants file responsive pleadings to the complaint.

**So ordered.**

          /s/ Indira Talwani
          Indira Talwani
          United States District Judge

Dated: June 15, 2015